## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

THOMAS ANTONIO HARRINGTON,

        Plaintiff,

vs.

KELLY HOLDER,

        Defendant.

No. C12-4057-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
MAGISTRATE'S REPORT AND
RECOMMENDATION CONCERNING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

_____

## I.    *INTRODUCTION AND BACKGROUND*

On August 12, 2012, plaintiff Thomas Antonio Harrington filed a pro se complaint in this action pursuant to 42 U.S.C. § 1983. In his lawsuit, Harrington, a former inmate at the Fort Dodge Correctional Facility, Fort Dodge, Iowa, claims that defendant Kelly Holder violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Harrington alleges that after he submitted a written complaint ("kite") to Holder about two fellow inmates, Holder allowed his kite to be read by other inmates which resulted in him being assaulted by another inmate in retaliation. Holder was allowed to proceed *in forma pauperis* and counsel was appointed to represent him. This case was referred to United States Magistrate Judge Leonard T. Strand.

On February 4, 2013, Holder filed her Motion for Summary Judgment. Holder contends that, as a matter of law, the undisputed facts do not establish that she showed

deliberate indifference to Harrington's safety in violation of the Eighth Amendment. Alternatively, Holder argues that, even if Harrington could establish such a violation, she is entitled to qualified immunity. Harrington filed a timely resistance to Holder's motion. On April 12, 2013, Judge Strand issued a Report and Recommendation in which he recommended granting Holder's Motion For Summary Judgment. Judge Strand found that Harrington had failed to generate a genuine issue of material fact on the subjective element of his claim, which required Harrington to show that Holder actually knew of a substantial risk to Harrington and failed to reasonably respond to it. Judge Strand based this conclusion on two factual findings. First, Judge Strand found that Harrington had produced no evidence that his being assaulted was linked to the kite he sent to Holder over a month before he was assaulted. Judge Strand further found that Harrington had produced no evidence that Holder either caused or became aware of Harrington's kite being disclosed to other inmates. Alternatively, Judge Strand found that Holder was entitled to qualified immunity because Harrington could not establish that Holder acted with deliberate indifference to a substantial risk of serious harm to him. No objections to Judge Strand's Report and Recommendation have been filed.

## II.  ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

2

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed, and it appears to me upon review of Judge Strand's findings and conclusions, that there is no ground to reject or modify them. Therefore, I accept Judge Strand's Report and Recommendation on Defendant's Motion For Summary Judgment.

3

### III.    CONCLUSION

I accept Judge Strand's Report and Recommendation and, therefore, grant defendant Holder's Motion For Summary Judgment.  Judgment shall enter accordingly.

**IT IS SO ORDERED**.

**DATED** this 10th day of June, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA